IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARLES A. MITCHELL,

    Petitioner,

v.

WARDEN, TOLEDO
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:17-CV-419
CHIEF JUDGE EDMUND A. SARGUS, JR.
Chief Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner brings this *pro se Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition,* Respondent's *Return of Writ,* Petitioner's *Response*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

**Facts and Procedural History**

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of the case as follows:

> On July 7, 2006, the Muskingum County Grand Jury indicted Appellant on one count of aggravated burglary, in violation of R.C. 2911.11(A)(2), a felony of the first degree; one count of kidnapping with a sexual motivation specification and a sexually violent predator specification, in violation of R.C. 2905.01(A)(4), a felony of the first degree; and four counts of rape, in violation of R.C. 2907.02(A)(2), felonies of the first degree. The charges arose from an incident involving Appellant's ex-wife.
>
> The matter proceeded to a two day jury trial on October 31, and November 1, 2006. The jury found Appellant guilty on Counts I and II, aggravated burglary and kidnapping, and not guilty on the four counts of rape. The jury also found Appellant not guilty of the

sexual motivation specification and sexually violent predator specification of Count II.

On December 11, 2006, the trial court sentenced Appellant to a prison term of ten years on Count I, and a prison term of ten years on Count II. The trial court ordered the sentences be served consecutively.

Appellant filed a direct appeal in *State v. Mitchell*, 5th Dist. Muskingum No. CT2006–0090, 2007–Ohio–5519, appeal not allowed, 117 Ohio St.3d 1424, 2008–Ohio–969, in which he raised seven assignments of error, including the jury's verdict was inconsistent; the trial court allowed an "inherently confusing [verdict] form" upon Count II; the trial court erred in allowing testimony of Appellant's misdemeanor criminal history; the trial court erred in dismissing a juror; the verdicts are against the sufficiency and manifest weight of the evidence; the trial court erred in imposing consecutive maximum sentences; and the trial court abused its discretion in sentencing. This Court overruled each of Appellant's assignments of error and the Ohio Supreme Court declined review. *Id*.

Appellant filed a motion to reopen his appeal, which this Court granted. Appellant raised an additional seven assignments of error, including a deficient indictment omitting the mens rea; an inconsistent verdict violative of double jeopardy; manifest weight and sufficiency of the evidence; sentencing upon allied offenses; ineffective assistance of trial and appellate counsel; insufficient findings for maximum consecutive prison terms; and cumulative error. We overruled all of the assignments of error, and affirmed his convictions and sentences; the Ohio Supreme Court again declined review. *State v. Mitchell*, 5th Dist. Muskingum No. CT2006–0090, 2009–Ohio–5251, appeal not allowed, 124 Ohio St.3d 1476, 2010–Ohio–354.

Appellant filed a federal habeas corpus action, which was subsequently dismissed. *Mitchell v. Smith*, S.D.Ohio No. 2:10–CV–299, 2011 WL 3440093, *1 (Aug. 8, 2011). Thereafter, on September 12, 2014, Appellant filed a petition for writ of mandamus, asserting his sentence was void. This Court dismissed the petition, finding Appellant's allied-offenses argument was not cognizable in mandamus and Appellant failed to comply with R.C. 2969.25. *Mitchell v. Muskingum County Common Pleas Court*, 5th Dist. Muskingum No. CT2014–0038, 2015–Ohio–1576.

*2 {¶ 8} On May 15, 2015, Appellant filed a "Motion to Correct Clerical Mistake Pursuant to Crim.R. 36(A)", arguing he was found guilty of burglary, R.C. 2911.12(A)(2), but sentenced on aggravated burglary, R.C. 2911.11(A)(2). Appellant noted the sentencing entry referenced R.C. 2911.11. Appellant stated, " * * * [he] was not convicted under the statute which he was indicted, tried, convicted, and sentence (sic)." Appellant moved the trial court "to correct its Judgment/Sentencing Entry to reflect the penalty consistent with the statute [he] was charged with." Appellant further argued he was convicted and sentenced on kidnapping pursuant to R.C. 2905.01(A)(4), but the jury found him not guilty upon Count II, kidnapping with a sexual motivation. Finally, appellant argued the amount of court costs was not properly assessed in the Judgment/Sentencing Entry and moved the court to correct the "clerical mistake" of omitting the amount of court costs.

Via Journal Entry filed October 5, 2015, the trial court found:

* * * the Defendant's motion is correct in so much as there is a clerical mistake in the sentencing entry. The Revised Code section for Count 1 should be 2911.11(A)(2) and Count 2 should be 2905.01(A)(4). These are the section numbers used in the indictment as well as the language for these section numbers. Additionally the jury instructions reflect the same language as the indictment.

Therefore the sentencing entry is amended to indicate the correct section numbers.

Appellant appealed, arguing the trial court violated his rights by amending the sentencing entry outside of his presence and by sentencing him on incorrect sections. This Court overruled Appellant's assignment of error and affirmed the trial court. *State v. Mitchell,* 5th Dist. Muskingum No. CT2015–0055, 2016 –Ohio–5149. We denied Appellant's subsequent motion for reconsideration.

On April 26, 2017, Appellant filed a motion pursuant to Crim. R. 36(A), asserting the October 5, 2015 Journal Entry convicted him of rape when he had been acquitted of those charges. Via Entry filed May 5, 2017, the trial court denied Appellant's motion, finding such was an untimely and a successive petition for post-conviction relief.

> It is from this entry Appellant appeals, raising as his sole assignment of error:
>
> THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT THE RIGHT TO A NEW SENTENCING ENTRY THAT EXONERATES THE APPELLANT OF ALL RAPE (RELATED) CHARGES. 2905.01(a)(4) [sic] CHARGES THE APPELLANT WITH RAPE.

*State v. Mitchell*, No. CT2017-0035, 2017 WL 4675813, at *1-2 (Ohio App. 5th Dist. Oct. 13, 2017). On October 13, 2017, the appellate court affirmed the judgment of the trial court. *Id*. Petitioner apparently did not file an appeal.

On May 19, 2017, Petitioner filed this *Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts as follows:

> 1. The plaintiff was found guilty under the burglary statute but convicted and sentenced for aggravated burglary which the jury convicted the plaintiff for aggravated burglary pursuant to the burglary statute, and the sentence entry stated that the plaintiff was found guilty for burglary but sentenced to an aggravated burglary sentence.
>
> 2. The plaintiff's court appointed appellate attorney was ineffective for failing to present the issues raised in his motion in the Common Pleas Court, and the plaintiff was indicted for kidnapping with a sexual motivation and a sexually violent predatory specification, however, the jury found the plaintiff not guilty for that charge but the sentenced the plaintiff for the indicted offense over jury's verdict.
>
> 3. The trial court erred in amending the sentence entry without appellant being present. The trial court agreed with the plaintiff that the sentencing entry contained clerical mistakes and the court amended the sentencing entry without the plaintiff.

It is the position of the Respondent that Petitioner's claims are procedurally defaulted, without merit, and time-barred.

**Second-in-Time or Successive Petition**

Although Respondent does not address the issue, the Court must first consider whether this action constitutes a successive petition. As discussed by the state appellate court, this is not the first federal habeas corpus action that Petitioner has filed challenging these same convictions. On April 9, 2010, he filed a prior § 2254 action. *See Mitchell v. Warden, Mansfield Correctional Institution*, Case No. 2:10-cv-299. On August 8, 2011, the Court issued final Judgment dismissing that action as procedurally defaulted and without merit. *Id*. 28 U.S.C. § 2244(b)(3)(A) states that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Id*.

That being the case, this Court is without jurisdiction to entertain a second or successive § 2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if Petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law

made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims:*.

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*Id*. at 47.

In certain "limited circumstances, a § 2254 petition is not considered 'second or successive' within the meaning of § 2244(b) even though the petitioner filed a previous habeas application." *Storey v. Vasbinder*, 657 F.3d 372, 376 (6th Cir. 2011).

> For example, a habeas petition is not considered "second or successive" under § 2244(b) when the claim has been raised in a prior petition, but dismissed as unripe, although other claims in the initial petition were decided on the merits. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–46, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998). Even if the claim was not presented in an earlier petition, a subsequent petition raising the claim does not constitute a "successive" petition for purposes of § 2244(b) if the claim would have been dismissed as unripe in the initial petition. *Panetti,* 551 U.S. at 945, 127 S.Ct. 2842. Nor do the successive petition restrictions apply if the first petition was dismissed for lack of exhaustion. *Slack,* 529 U.S. at 478, 487, 120 S.Ct. 1595. The restrictions also do not apply if an intervening state court judgment (such as a resentencing) occurred after the first habeas petition was decided. *Magwood*, 561 U.S. at 335, 339, 130 S.Ct. 2788; *King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015).

*In re Campbell,* 874 F.3d 454, (6th Cir. 2017).

As discussed, the Supreme Court has held that a habeas corpus petition is not successive where it is filed after the trial court conducts a re-sentencing hearing that results in the issuance of a new judgment. *Magwood*, 561 U.S. at 331–39 (2010). *See also King v. Morgan*, 807 F.3d 154 (6th Cir. 2015) (a "new judgment after a re-sentencing permits the inmate to challenge the original conviction without clearing the second-or-successive hurdles") (citations omitted). In *In re Stansell*, 828 F.3d 412 (6th Cir. 2016), the Sixth Circuit held that, even where a sentence has been vacated only partially (because it did not include a term of post-release control) and the state trial court re-sentenced the Petitioner for the limited purpose of imposing that term, that action resulted in a new or intervening judgment that permitted Stansell to raise challenges to his original conviction and his original sentence to a term of incarceration, as well as to his new term of post-release control. *Id*. at 416. "Final judgment in a criminal case means sentence. The sentence is the judgment." *Id*. (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937); *Burton v. Stewart*, 549 U.S. 147, 156 (2007)). The Court noted that

> [b]efore his resentencing, the judgment that kept Stansell "in custody" was a term of imprisonment ranging from twenty years to life. After his resentencing, the judgment that kept Stansell "in custody" was a term of imprisonment ranging from twenty years to life plus five years of post-release control. *See Jones*, 371 U.S. at 238–43, 83 S.Ct. 373. Because a new custodial sentence means a new judgment for purposes of § 2254, Stansell's partial resentencing restarted the second or successive count.

*Id*. at 416-17. "When a court alters a sentence to include post-release control, it substantially and substantively changes the terms under which an individual is held 'in custody.' 28 U.S.C. § 2254(a), (b)(1). That means it has created a new judgment for purposes of the second or successive assessment." *Id*. at 417. Under such circumstances, a petitioner's numerically second petition does not constitute a successive petition within the meaning of 28 U.S.C. § 2244(b).

7

However, the Sixth Circuit has further clarified that the issuance of a nunc pro tunc entry to correct clerical errors that result in a discrepancy between the court's oral pronouncements and its paper records does not constitute a new judgment for purposes of this determination. "To hold otherwise would turn those requirements into a game of 'I Spy,' where the petitioner best able to catch the court's technical errors will earn himself a free pass (maybe many free passes) into federal court." *Id.* at 420 (citing *Marmolejos v. United States*, 789 F.3d 66, 70–72 (2d Cir. 2015); *May v. Kansas*, 562 F. App'x 644, 645–46 (10th Cir. 2014) (*per curiam*); *United States v. Cano*, 558 F. App'x 936, 941 n. 6 (11th Cir. 2014) *(per curiam)*).

Here, the state appellate court made clear that the trial court issued the October 5, 2015, sentencing entry in response to the filing of Petitioner's motion to correct a clerical mistake, and it did not constitute a new judgment of sentence:

> On May 15, 2015, appellant filed a "Motion to Correct Clerical Mistake Pursuant to Crim.R. 36(A)" arguing that he was found guilty of burglary [R.C. 2911.12(A)(2) ] but sentenced upon aggravated burglary [R.C. 2911.11(A)(2) ]. Appellant notes the sentencing entry references R.C. 2911.11. Appellant states, " * * * [he] was not convicted under the statute which he was indicted, tried, convicted, and sentence (sic )." Appellant moved the trial court "to correct its Judgment/Sentencing Entry to reflect the penalty consistent with the statute [he] was charged with." Appellant further argued he was convicted and sentenced upon kidnapping pursuant to R.C. 2905.01(A)(4), but the jury found him not guilty upon Count II, kidnapping with a sexual motivation. Finally, appellant argued the amount of court costs was not properly assessed in the Judgment/Sentencing Entry and moved the court to correct the "clerical mistake" of omitting the amount of court costs.
>
> On October 5, 2015, the trial court entered a Journal Entry stating:
>
> * * *.
>
> > The Court finds that the Defendant's motion is correct in so much as there is a clerical mistake in the sentencing entry. The Revised Code section for

> Count 1 should be 2911.11(A)(2) and Count 2 should be 2905.01(A)(4). These are the section numbers used in the indictment as well as the language for these section numbers. Additionally the jury instructions reflect the same language as the indictment.
>
> Therefore the sentencing entry is amended to indicate the correct section numbers.

\*\*\*

The record reflects appellant was charged with, tried upon, convicted of, and sentenced upon aggravated burglary. Count I of the indictment cites R.C. 2911.11(A)(2) and uses the statutory language. Appellant's proposed jury instructions filed October 30, 2006 reference aggravated burglary and track the language of R.C. 2911.11(A)(2). The jury's verdict form upon Count I states appellant was found guilty of "aggravated burglary."

The trial court's sentencing entry misstates the Revised Code section for aggravated burglary. The sentencing entry of December 19, 2006 repeatedly references the fact that appellant was found guilty upon "aggravated burglary F/1, in violation of ORC 2911.12(A)(2) [sic ]." The inconsistency of "aggravated burglary F/1" with the cited section of burglary, a felony of the second degree [R.C. 2911.12(A)(2) ], leads us to conclude the trial court's citations in the sentencing entry are clerical errors. Indeed, such was appellant's argument below.

Appellant remains "indicted, tried, convicted, and sentence (sic )" upon the offense of aggravated burglary, a felony of the first degree pursuant to R.C. 2911.11(A)(2). Ohio Crim. R. 36 states, "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." In *State v. Clark*, 5th Dist. Stark No.2010CA00006, 2010–Ohio–4649, at ¶ 12, we found a nunc pro tunc entry is the proper means of correcting a clerical mistake. *Id*., citing *State v. Battle*, 9th Dist. Summit No. 23404, 2007–Ohio–2475 and *State v. Gruelich*, 61 Ohio App.3d 22, 24–25, 572 N.E.2d 132 (9th Dist.1988). A nunc pro tunc entry or order is limited to memorializing what the trial court actually did at an earlier point in time, such as correcting a previously issued order that fails to reflect the trial court's true action. *Id*., citing *State v. Spears*, 8th Dist. Cuyahoga No. 94089, 2010–Ohio–2229, ¶ 10.

A clerical error or mistake refers to " 'a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.' " *State ex rel. Zaleski v. Cruzado*, 111 Ohio St.3d 353, 2006–Ohio–5795, 856 N.E.2d 263, ¶ 19, quoting *State v. Brown*, 136 Ohio App.3d 816, 819–820, 737 N.E.2d 1057 (3rd Dist.2000). "Although courts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth, 'nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided." ' *Cruzado, supra*, 2006–Ohio–5795 at ¶ 19, quoting *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002–Ohio–6323, 779 N.E.2d 223, ¶ 14, and *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164, 656 N.E.2d 1288 (1995).

In the instant case, we conclude the trial court's references to R.C. 2911.12(A)(2) were clerical errors properly corrected by the trial court's entry of October 5, 2015.

Appellant argues, though, he is subject to a maximum eight-year term for burglary instead of the ten-year term for aggravated burglary. This is not a case in which the trial court increased appellant's sentence by means of a nunc pro tunc entry. *See, State v. Miller*, 127 Ohio St.3d 407, 2010–Ohio–5705, 940 N.E.2d 924 [court cannot use nunc pro tunc entry to impose sanction not imposed as part of original sentence]. Appellant's original sentence was, and remains, ten years upon aggravated burglary. The amended journal entry in this case reflects what the trial court imposed at sentencing.

Appellant's presence was not required by the trial court's amendment of the entry. Defendants do have the right to be present at all critical stages of a trial, including sentencing. *State v. Hill,* 73 Ohio St.3d 433, 1995–Ohio–287, 653 N.E.2d 271. However, that right is not absolute. Id. at 444. Often courts have found that while it was an error for the defendant to have not been present, it was a harmless error. The distinction to be made is whether the proceeding is so critical that the defendant's absence results in a prejudicial error, thereby thwarting a fair and just hearing. *State v. White,* 82 Ohio St.3d 16, 26, 693 N.E.2d 772 (1998). In this case, the amendment of the sentencing entry resulted merely in correction of the statute number cited; no substantive change to appellant's sentence was made. Appellant has not demonstrated prejudice, nor do we find any in this record.

> The trial court did not err in its entry of October 5, 2015. Citation of the statute number in the sentencing entry is a mechanical part of the judgment, so "mechanical in nature" that its omission can be corrected as if it were a clerical mistake. *Miller, supra,* 2010–Ohio–5705 at ¶ 16, citing *Londrico v. Delores C. Knowlton, Inc.*, 88 Ohio App.3d 282, 285, 623 N.E.2d 723 (9th Dist.1993).

*State v. Mitchell*, No. CT2015-0055, 2016 WL 4039243, at *2-4 (Ohio App. 5th Dist. July 25, 2016) (footnotes omitted). Thus, the record indicates that the amended entry did not alter or otherwise change the terms of Petitioner's sentence in any manner. Under these circumstances, habeas corpus claims one and two, as they relate to his initial judgment of sentence, plainly constitute a successive petition.

Arguably, however, this same determination does not apply to habeas corpus claim three, in which Petitioner asserts that he had a right to be present when the trial court amended the sentencing entry to correct a clerical mistake, because Petitioner could not have raised this same issue in his prior federal habeas corpus petition. *See Cox v. Brunsman*, No. 2:07-cv-0936, 2008 WL 4185958, at *2-3 (S.D. Ohio Sept. 5, 2008) (claims which could not have been raised in the prior § 2254 petition are not successive) (citing *James v. Walsh*, 308 F.3d 162, 168 (2nd Cir. 2002); *In re Taylor*, 171 F.3d 185 (4th Cir. 1999); *Bachman v. Wilson*, No. 5:05-cv-1735, 2007 WL 4553988, at *7, 9 n.16 (N.D. Ohio Dec. 19, 2007)).

In any event, and even assuming this claim is properly before this Court, it plainly fails to provide a basis for relief. "[E]ven in situations where the defendant is not actually confronting witnesses or evidence against him, he has a due process right 'to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge.'" *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987) (citing *Snyder v. Massachusetts*, 291 U.S. 97, 105–106 (1934). In other words, "a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his

11

presence would contribute to the fairness of the procedure." *Id*. However, the Supreme Court "has emphasized that this privilege of presence is not guaranteed 'when presence would be useless, or the benefit but a shadow[.]' " *Id*. (citing *Snyder*, at 106-07). Thus, the Petitioner had no constitutional right to be present when the trial court did nothing more than issue a corrected sentencing entry to correct a clerical mistake, so that the judgment entry would accurately reflect what had occurred at sentencing. S*ee Falkenstein v. Kelly*, No. 1:14-cv-1629, 2015 WL 3824369, at *2 (N.D. Ohio June 19, 2015) (no constitutional right to be presence at a hearing on post release control for issuance of nunc pro tunc entry to reflect what had taken place at sentencing) (citing *Kentucky v. Stincer*, 482 U.S. 730 (1987)). Further, the Petitioner cannot establish prejudice based on his absence from the trial court's correction of his sentence. *See Howard v. Wilson,* No. 1:07-cv-3240, 2008 WL 4837563, at *8 (N.D. Ohio Oct. 8, 2008) (harmless error applies to the denial of the right to be present).

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

    s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
Chief United States Magistrate Judge