# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**CHARLES A. MITCHELL,**

       **Petitioner,**

    **v.**

**WARDEN, TOLEDO
CORRECTION INSTITUTION,**

       **Respondent.**

**CASE NO. 2:17-CV-419
CHIEF JUDGE EDMUND A. SARGUS, JR.
Chief Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

On April 23, 2018, the Magistrate Judge issued a *Report and Recommendation* recommending that the *Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 22.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 25.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 25) is **OVERRULED**. The *Report and Recommendation* (ECF No. 22) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his December 2006 convictions after a jury trial in the Muskingum County Court of Common Pleas on aggravated burglary and kidnapping. The trial court imposed a term of twenty years in prison. The state appellate court affirmed the judgment of the trial court, and the Ohio Supreme Court declined to accept jurisdiction of the appeal. Petitioner unsuccessfully pursued an application to reopen the appeal under Ohio Appellate Rule 26(B), and a state habeas corpus petition. On October 5, 2015, the trial court granted Petitioner's motion to correct a clerical mistake in the Judgment Entry of Sentence. The appellate court

affirmed the judgment of the trial court. Petitioner subsequently filed a motion pursuant to Ohio Criminal Rule 36(A), which the trial court denied as an untimely and successive post conviction petition. On October 13, 2017, the appellate court again affirmed the judgment of the trial court. *See State v. Mitchell*, No. CT2017-0035, 2017 WL 4675813, at \*1-2 (Ohio App. 5th Dist. Oct. 13, 2017). Petitioner did not file an appeal. Petitioner now asserts that the trial court improperly sentenced him on the charge of aggravated burglary, in lieu of the lesser offense of burglary, that he was denied the effective assistance of appellate counsel, because his attorney failed to raise on appeal a claim that the trial court improperly sentenced him on the charge of kidnapping with a sexual motivation and sexually violent predator specification, and that the trial court erred in amending the sentencing entry outside of his presence. The Magistrate Judge recommended dismissal of claims one and two as successive, and claim three on the merits. Petitioner objects to the Magistrate Judge's recommendations.

However, this is not Petitioner's first federal habeas corpus action. On August 8, 2011, the Court dismissed Petitioner's prior § 2254 action as procedurally defaulted and without merit. *Mitchell v. Warden, Mansfield Correctional Institution*, Case No. 2:10-cv-299. Petitioner nonetheless contends that he need not obtain authorization for consideration of his claims in this second § 2254 action under the provision of 28 U.S.C. § 2244(b)(3)(A), because he could not earlier have raised his claims prior to the trial court's October 2015, re-sentencing entry.

"[A] habeas petition is not considered 'second or successive' under § 2244(b) if an intervening judgment, such as a re-sentencing, occurred after the first habeas petition was decided. *In re Campbell*, 874 F.3d 454, 459-60 (6th Cir. 2017) (citing *Magwood v. Patterson*, 561 U.S. 320, 335, 339 (2010); *King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015)). Additionally, the Sixth Circuit has held that "a new judgment" entered following a re-sentencing

2

hearing permits an inmate to challenge his original conviction as well as the new judgment of sentence "without clearing the second-or-successive hurdles." *Grant v. Warden, Belmont Correctional Institution*, No. 1:14-cv-878, 2017 WL 3503728, at *5 (S.D. Ohio July 24, 2017) (citing *King v. Morgan*, 807 F.3d at 159). That said, here, the record reflects that the trial court issued the October 2015 sentencing entry solely to correct a clerical error. *See Journal Entry* (ECF No. 9-1, PAGEID # 385); *State v. Mitchell*, No. CT2015-0055, 2016 WL 4039243, at *2-4 (Ohio App. 5th Dist. July 25, 2016). That being the case, Petitioner cannot escape the requirements of 28 U.S.C. § 2244(b)(3) for the filing of a successive habeas corpus petition based on the trial court's issuance of a corrected entry of sentence. *See Edwards v. United States*, Nos. 2:15-cv-3005, 2:11-cr-00229, 2016 WL 692543, at *2 (S.D. Ohio Feb. 22, 2016).

> [C]ourts have held that claims challenging amended judgment entries correcting clerical sentencing errors are successive because such entries "do not change or otherwise constitute a 'new judgment' within the meaning of *Magwood* with respect [a] petitioner's prior federal habeas corpus petition." *See, e.g., Berry v. Oppy*, No. 2:13cv617, 2014 WL 1091067, at *2 (S.D.Ohio Mar.18, 2014) (Smith, J.) (citing *In re Martin*, 398 F. App'x 326, 327 (10th Cir.2010); *In re Lampton*, 667 F.3d 585, 587–89 (5th Cir.2012); *Hawkins v. United States*, No. 89–CR–80335, 2011 WL 2533658, at *1–2 (E.D. Mich. June 27, 2011)); *cf. Carter v. Warden, Chillicothe Corr. Inst.*, No. 1:11cv800, 2012 WL 2601760, at *9 (S.D.Ohio July 5, 2012) (Bowman, M.J.) (Report & Recommendation) (holding that "Nunc Pro Tunc" sentencing entry in accordance with a remand order to correct an error regarding post-release control "did not change or otherwise constitute a 'new judgment' within the meaning of *Magwood* with respect to petitioner's conviction or sentence imposed...for the underlying criminal offenses"), adopted, 2012 WL 4056850 (S.D. Ohio Sept.14, 2012) (Spiegel, J.).

*Id. See also Bates v. Jenkins*, No. 2:17-cv-00973, 2017 WL 5483331, at *5 (S.D. Ohio Nov. 15, 2017) ("[T]he issuance of a nunc pro tunc entry to correct clerical errors that result in a discrepancy between the court's oral pronouncements and its paper records does not constitute a new judgment for purposes of this determination." (citing *In re Stansell*, 828 F.3d 412, 420 (6th Cir. 2016) (internal citations omitted).

3

A second-in-time § 2254 action also may escape the successive filing requirements of § 2243 where it raises a claim that was unripe for review when the first habeas petition was filed. *See In re Tibbetts*, 869 F.3d 403, 406 (6th Cir. 2017) (citing *Panetti v. Quarterman*, 551 U.S. 930, 945-47 (2007); *In re Jones*, 652 F.3d 603, 605-06 (6th Cir. 2010)). Petitioner argues that these are the circumstances here, and states that his claim of the denial of the effective assistance of appellate counsel relates solely to the performance of his attorney in filing an appeal from the trial court's October 5, 2015, corrected Judgment Entry of Sentence. However, Petitioner's claims were readily apparent at the time of his first appeal, and nothing prevented him from raising these issues in his prior federal habeas corpus petition. The state appellate court noted:

> The record reflects appellant was charged with, tried upon, convicted of, and sentenced upon aggravated burglary. Count I of the indictment cites R.C. 2911.11(A)(2) and uses the statutory language. Appellant's proposed jury instructions filed October 30, 2006 reference aggravated burglary and track the language of R.C. 2911.11(A)(2). The jury's verdict form upon Count I states appellant was found guilty of "aggravated burglary."
>
> \*\*\*
>
> Appellant argues. . . he is subject to a maximum eight-year term for burglary instead of the ten-year term for aggravated burglary. This is not a case in which the trial court increased appellant's sentence by means of a nunc pro tunc entry. *See, State v. Miller*, 127 Ohio St.3d 407, 2010–Ohio–5705, 940 N .E.2d 924 [court cannot use nunc pro tunc entry to impose sanction not imposed as part of original sentence]. Appellant's original sentence was, and remains, ten years upon aggravated burglary. The amended journal entry in this case reflects what the trial court imposed at sentencing.

*State v. Mitchell*, No. CT2015-0055, 2016 WL 4039243, at \*3-4 (footnotes omitted). Moreover, Petitioner similarly asserted, as he does now, in his in his March 9, 2009, Rule 26(B) application, and in his prior federal habeas corpus *Petition* that the trial court improperly sentenced him on the charge of aggravated burglary and a predicate kidnapping offense after the jury acquitted him of rape and sexual motivation specifications. *See State v. Mitchell*, No. CT2006-0090, 2009 WL

4

3155055, at *2 (Ohio Ct. App. Sept. 30, 2009);[1] *Mitchell v. Smith*, Case No. 2:10-cv-299. Therefore, the Court cannot now again consider claims one and two, absent authorization for the filing of a successive § 2254 action from the United States Court of Appeals. Further, as discussed by the Magistrate Judge, Petitioner had no constitutional right to be present for the trial court's correction of a clerical error. *See Falkenstein v. Kelly*, No. 1:14-cv-1629, 2015 WL 3824369, at *2 (N.D. Ohio June 19, 2015) (citing *Kentucky v. Stincer*, 482 U.S. 730 (1987)).

For these reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 25) is **OVERRULED.** The *Report and Recommendation* (ECF No. 22) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, ——U.S. ——. ——, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28

---

[1] To clarify:

{¶ 1} On July 7, 2006, the Muskingum County Grand Jury indicted appellant, Charles Mitchell, on count of aggravated burglary in violation of R.C. 2911.12(A)(2), one count of kidnapping with a sexual motivation specification and a sexually violent predator specification in violation of R.C. 2905.01(A)(4), and four counts of rape in violation of R.C. 2907.02(A)(2). Said charges arose from an incident involving appellant and his ex-wife, Denise Mitchell.

{¶ 2} A jury trial commenced on October 31, 2006. The jury found appellant guilty of the aggravated burglary and kidnapping counts, and not guilty of the specifications and the rape counts.

*State v. Mitchell*, 2009 WL 3155055, at *1.

U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate this Court's dismissal of Petitioner's claims as successive. The Court therefore **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

7 – 24 – 2018

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**